# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4887

June 18, 2007

## <u>LETTER OPINION</u>

| | | |
|---|---|---|
| John. A. Craner, Esq. | Walter E. Thomas, Jr., Esq. | Kenneth L. Leiby, Jr. |
| Craner, Satkin & Scheer, P.C. | 18 Bank St., Suite 302 | Shackleton & Hazeltine |
| 320 Park Ave., P.O. Box 367 | P.O. Box 9270 | 159 Millburn Ave. |
| Scotch Plains, NJ 07076 | Morristown, NJ 07963 | Millburn, NJ 07041 |
| *Attorneys for Kenneth Repetti* | *Attorney for TD Banknorth* | *Attorney for Nina Vitale* |

     Re:    **Vitale v. Repetti**
               **<u>Civil Action No. 05-5685 (PGS) (ES)</u>**

Dear Counsel:

## INTRODUCTION

       This matter comes before this Court by way of Kenneth Repetti's ("Repetti")

"motion to hold World and TD Banknorth and Dr. Vitale in contempt and for other relief"

(Docket Entry # 7).  Both Nina Vitale and TD Banknorth oppose[1] Repetti's motion and cross-

move for sanctions. (*See* TD Banknorth's Opp'n and Cross Mot., Docket Entry # 8; Nina Vitale's

Opp'n. and Cross Mot., Docket Entry # 11).

---

      [1] Several imprecise descriptions entered on the docket report by the parties make it
difficult to follow the briefing of the motions now before this Court.  While TD Banknorth styles
its papers as a "Motion for a Protective Order," TD Banknorth's papers reflect an opposition to
Repetti's motion and a cross-motion for sanctions.  (*See* Docket Entry # 8).  Nina Vitale's
opposition to Repetti's motion and cross-motion for sanctions is styled as simply "cross motion
for sanctions."  Finally, Repetti's reply papers, which double as his opposition to the cross-
motions, were docketed as a "brief in opposition to motion for protective order, cross motion for
sanctions." (Docket Entry # 13).

## BACKGROUND

To put it simply, the evolution of this action is best described as unorthodox.  On December 5, 2005, Nina Vitale opened this action by filing a motion to quash a subpoena served by Kenneth Repetti ("Repetti").  (Docket Entry # 1).  The subpoena that Nina Vitale moved to quash was issued in an action captioned, *Repetti v. Vitale*, Civil Docket No. 3:00-mc-00308 (hereinafter "the Enforcement Action").  On March 1, 2006, Judge Falk entered an Order denying the motion to quash the subpoena served on Nina Vitale.  (Docket Entry # 5).  Thereafter, this civil action was terminated and closed.  (Docket Entry # 6).

By way of background, Repetti opened the Enforcement Action in this Court on September 26, 2000 by registering a judgment entered in his favor and against John Vitale in the United States District Court for the Southern District of New York.  Said  judgment was entered by the Honorable Barrington D. Parker, Jr., U.S.D.J. in an action captioned *Repetti v. Vitale*, Civil Action No. 99-10816 (BDP).  The docket report from the Enforcement Action reflects Repetti's concerted effort to collect on the judgments entered in the Southern District of New York from the year 2000 until 2004.

## DISCUSSION

Without seeking leave to open this closed civil action, Repetti filed the motion now before this Court.  Through said motion, Repetti seeks a litany of relief[2], including amongst other things: (1) an Order holding World Savings Bank FSB ("World Savings Bank"), TD

---

[2] In his reply papers, Repetti ostensibly withdraws his request for: (1) sanctions against World Bank, and (2) an order "directing defendant, or Nina Vitale, or counsel for defendants to furnish the name and address of the person to whom payments on behalf of the late Mr. Errico are being sent."  (*See* Repetti's Reply Br. at p.  2).

**Letter Opinion**
**June 18, 2007**
**Page - 3 -**

Banknorth, N.A. ("TD Banknorth"), and John R. Vitale, DMD ("John Vitale") in contempt of

Court for failure to respond to a *subponea duces tecum*, and (2) an Order enforcing a $40,000.00

judgment entered against John R. Vitale.  (*See generally* Repetti's Contempt Mot. and Repetti's

Reply).  While Nina Vitale has been a party to this action since its inception, World Savings

Bank, TD Banknorth, and John Vitale are not named parties in this action.

       Nina Vitale and TD Banknorth both oppose Repetti's motion and cross-move for

sanctions.  In support of their mutual contention that the subpoenas in question were defective

and improperly served, TD Banknorth and Nina Vitale argue that:  (1) Repetti failed to satisfy the

"personal service" requirement of Federal Rule of Civil Procedure 45(b)(1) by "serving" the

subpoenas via ordinary mail; (2) Repetti failed to tender the witness and mileage fees, and; (3)

the subpoenas failed to set forth the text of subparagraphs (c) and (d) of Federal Rule of Civil

Procedure 45.  (*See* TD Banknorth's Br. at 4-5; Nina Vitale's Br. at p. 3-8).  Accordingly, TD

Banknorth and Nina Vitale argue that Repetti's motion must fail and that this Court should

sanction Repetti. (*See generally id.*)

       This Court cannot countenance any of the relief sought through Repetti's motion.

First, he fails to offer any tenable explanation as to why he abandoned the Enforcement Action –

which remains open – and proceeded under the caption of this closed civil action.  Repetti's

unsupported position that "it is the last docket number assigned to this case by this Court" is not

persuasive.  (Repetti's Reply Br. at 4).  Unlike the subpoena considered and ultimately enforced

by Judge Falk, the subpoenas at issue did not bear the caption of an action brought to enforce a

judgment entered in the Southern District of New York.  Even if inclined to excuse Repetti's

failure to re-open this closed civil action before seeking the relief that is the subject of this

**Letter Opinion**
**June 18, 2007**
**Page - 4 -**

motion, he offers no authority to persuade this Court that this action – initially brought by Nina

Vitale to quash a subpoena – is the appropriate action through which Repetti should pursue the

relief he seeks. Until said authority is forthcoming, this Court must reject Repetti's motion.

Furthermore, the subpoenas at issue were defective and were not properly served.

Repetti fails to rebut TD Banknorth's and Nina Vitale's contention that he failed to set forth the

text of subparagraphs (c) and (d) of Federal Rule of Civil Procedure 45 in the subpoenas at issue.

Moreover – and as Repetti himself acknowledges – he failed to comply with the personal service

requirement of Rule 45(b)(1) by mailing the subpoenas at issue.  (*See* Repetti's Reply Br.).  He

fails to cite any authority that would support his position that, "if the party subpoenaed

acknowledges receipt of the subpoena, the Rule is satisfied because delivery has been proven."

(*Id.* at 6).  Accordingly, this Court cannot hold World Savings Bank, TD Banknorth, N.A., or

John R. Vitale, DMD  in contempt for failure to respond to a defective subpoena when Repetti

cannot demonstrate that the subpoenas in questions were enforceable in the first instance.

Notwithstanding Repetti's pervasive misunderstanding of the Federal Rules of

Civil Procedure, sanctions are not appropriate.  This Court is satisfied that Repetti's actions

reflect reasonable efforts to collect on judgments entered against an evasive creditor.  Said

actions do not reflect the "blithe disregard" of the sanctioned attorney in *Anderson v.*

*Government of Virgin Islands*, 180 F.R.D. 284 (D.V.I. 1998).

**Letter Opinion**
**June 18, 2007**
**Page - 5 -**

## CONCLUSION

For the reasons set forth above, Respondent Kenneth Repetti's "motion pursuant to Rule 45(e) to hold World Saving, FSB and TD Banknorth, N.A. in contempt of court for failure to comply with subpoenas served upon each bank and other relief" (Docket Entry # 7) is **DENIED**.  Petitioner Nina Vitale's cross-motion for sanctions (Docket Entry # 11) and TD Banknorth's cross-motion for sanctions (Docket Entry # 8) are also **DENIED**.

SO ORDERED.

_s/Esther Salas_____
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**